IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **THE FINANCIAL TIMES LIMITED**<br>Bracken House, One Friday Street<br>London, EC4M 9BT<br>United Kingdom<br><br>                Plaintiff,<br>    v.<br><br>**DEPARTMENT OF HOMELAND SECURITY**<br>2707 Martin Luther King Jr Ave. SE<br>Washington, DC 20528-0485<br><br>**U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT**<br>500 12th St. SW<br>Washington, DC 20536<br><br>                Defendants. | Civil Action No. _____ |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

The Financial Times Ltd. ("The Financial Times" or "Plaintiff"), by and through its undersigned counsel, hereby alleges as follows:

1. Plaintiff brings this action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), for declaratory, injunctive, and other appropriate relief against the Department of Homeland Security ("DHS") and U.S. Immigration and Customs Enforcement ("ICE") (collectively, "Defendants").

2. By this action, Plaintiff seeks to compel Defendants to comply with their obligations under FOIA to release records related to a sole-source contract awarded

to AT&T for data analysis services. Plaintiff is statutorily entitled to the disclosure of these records, and Defendants have improperly withheld them in violation of FOIA.

### Jurisdiction and Venue

3. The Court has subject matter jurisdiction over this action and personal jurisdiction over Defendant under 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

4. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

### Parties

5. Plaintiff The Financial Times is a London-based news organization with offices worldwide, including in the United States, and a global readership. It is part of Nikkei, Inc., which provides a broad range of information news and services for the global business community.

6. Defendant Department of Homeland Security is an agency of the federal government within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f) that has possession, custody, and/or control of the records that Plaintiff seeks. DHS's headquarters is located at 2707 Martin Luther King Jr Ave. SE, Washington, DC 20528.

7. Defendant U.S. Immigration and Customs Enforcement is an agency of the federal government within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f) that has possession, custody, and/or control of the records that Plaintiff seeks. ICE's headquarters is located at 500 12th St. SW, Washington, DC 20536.

2

## Facts

8.      Between October 6 and November 4, 2025, Plaintiff submitted two FOIA requests to ICE and two FOIA requests to DHS (collectively, the "Requests") for records related to a sole-source contract awarded to AT&T for data analysis services and certain memoranda, assessments, policies, and reports related to database analysis.

### The ICE Requests

9.      On October 6, 2025, Plaintiff submitted a FOIA request to the ICE FOIA Office via the SecureRelease portal (the "First ICE Request"). A true and correct copy of the SecureRelease portal page for the First ICE Request is attached hereto as **Exhibit 1**.

10.    The First ICE Request sought:

> all invoices, purchase orders contracts, loan agreements, procurement documents (but not limited to solicitation documents or notices of proposed contracts, proposed bids, unsolicited proposals, and/or documents justifying contracting without full and open competition), relating to the federal contract award number 70CMSD25C00000005, which was issued to AT&T Enterprises, LLC by the ICE Investigations and Operations Support Dallas office. The contract start date is September 1, 2025 - but the procurement documents or other contracts related to this award may be from an earlier date. Documents may also reference the related contract opportunity notice ID JA-25-0279.

Ex. 1.

11.    The First ICE Request sought a fee benefit as a representative of the news media pursuant to 5 U.S.C. § 552(a)(4)(A) and set forth facts in support thereof. *See* Ex. 1.

12.   The First ICE Request also sought a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and set forth facts in support thereof.  *See* Ex. 1.

13.   The First ICE Request further sought expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E) and set forth facts in support thereof.  *See* Ex. 1.

14.   On November 20, 2025, Plaintiff received an email acknowledging receipt of the First ICE Request and assigning it tracking number 2026-ICFO-00541. Plaintiff responded the same day in an effort to discuss narrowing the scope of the request and seeking rolling or interim releases.  Plaintiff received only an automated response.  A true and correct copy of this exchange is attached hereto as **Exhibit 2**.

15.   Also on October 6, 2025, Plaintiff submitted a second FOIA request to the ICE FOIA Office via the SecureRelease portal (the "Second ICE Request").  A true and correct copy of the SecureRelease portal page for the Second ICE Request is attached hereto as **Exhibit 3**.

16.   The Second ICE Request sought:

> any and all Privacy Threshold Analyses (PTA) and/or Privacy Impact Assessments (PIA) related to the "data analysis services" provided to ICE Homeland Security Investigations unit by AT&T, as described in the following sole source justification:
>
> https://sam.gov/workspace/contract/opp/464e16cd84944416a2a bb925eb2d6244/view (Notice ID 192125VHQSOU001).
>
> any PTAs or PIAs related to other related federal contracts with Award IDs: 70CMSD25C00000005, 70CMSD23P00000120, 70CMSD23P00000106.

Ex. 3.

4

17. The Second ICE Request sought a fee benefit as a representative of the news media pursuant to 5 U.S.C. § 552(a)(4)(A) and set forth facts in support thereof. *See* Ex. 3.

18. The Second ICE Request also sought a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and set forth facts in support thereof. *See* Ex. 3.

19. The Second ICE Request further sought expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E) and set forth facts in support thereof. *See* Ex. 3.

20. On November 26, 2025, Plaintiff received an email acknowledging receipt of the Second ICE Request and assigning it tracking number 2026-ICFO-00563. A true and correct copy of this email is attached hereto as **Exhibit 4**.

21. On January 6, 2026, Plaintiff sent an email to the ICE FOIA Office to request an estimated completion date for both the First ICE Request and the Second ICE Request (collectively, the "ICE Requests") and renewing the offer to narrow their scope. The ICE FOIA Office responded that "it is currently in the queue to be processed by an analyst." A true and correct copy of this exchange is attached hereto as **Exhibit 5**.

22. As of the filing of this Complaint, Plaintiff's requests for a fee waiver and for expedited processing have not been adjudicated for either of the ICE Requests. *See* Exs. 1 and 3.

23. As of the date of the filing of this Complaint, it has been approximately 207 calendar days and 138 business days since Plaintiff submitted the ICE Requests.

24. As of the date of the filing of this Complaint, Plaintiff has received no

further communications from ICE regarding the ICE Requests.

### The DHS Requests

25.  On October 31, 2025, Plaintiff submitted a FOIA request to the DHS Privacy Office via the SecureRelease portal (the "First DHS Request").  A true and correct copy of the SecureRelease portal page for the First DHS Request is attached hereto as **Exhibit 6**.

26.  The First DHS Request sought:

> all DHS Privacy Memoranda issued to the Department between January 1, 2025 and October 31, 2025 (the date of this request). This includes, but is not limited to, Memorandum 2025-02, "DHS Privacy Policy Regarding Privacy Threshold Analyses" (effective March 3, 2025); Memorandum 2025-03, "DHS Privacy Policy Regarding Privacy Impact Assessments" (effective March 17, 2025); and any subsequent memoranda effective as of today's date.

Ex. 6.

27.  The First DHS Request sought a fee benefit as a representative of the news media pursuant to 5 U.S.C. § 552(a)(4)(A) and set forth facts in support thereof. *See* Ex. 6.

28.  The First DHS Request also sought a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and set forth facts in support thereof.  *See* Ex. 6.

29.  The First DHS Request further sought expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E) and set forth facts in support thereof.  *See* Ex. 6.

30.  On December 1, 2025, Plaintiff received an email acknowledging receipt of the First DHS Request and assigning it tracking number 2026-HQFO-00278.  In the email, DHS granted Plaintiff's request for expedited processing and conditionally

granted the request for a fee waiver.  A true and correct copy of the email is attached hereto as **Exhibit 7**.

31.    On November 4, 2025, Plaintiff submitted a FOIA request to the DHS Privacy Office via the SecureRelease portal (the "Second DHS Request").  A true and correct copy of the SecureRelease portal page for the Second DHS Request is attached hereto as **Exhibit 8**.

32.    The Second DHS Request sought:

> copies of the U.S. Department of Homeland Security's annual "Data Mining Report" for calendar years 2022, 2023, and 2024. These are the reports the DHS Privacy Office prepares and transmits to Congress each year under the Federal Agency Data Mining Reporting Act of 2007, describing DHS programs that conduct pattern-based queries, searches, or analyses of electronic databases to identify predictive patterns or anomalies indicative of terrorist or criminal activity. (See the previous reports at the following URL: https://www.dhs.gov/publication/dhs-datamining-reports) Please provide the final versions transmitted to Congress, in electronic (PDF) format.

Ex. 8.

33.    The Second DHS Request sought a fee benefit as a representative of the news media pursuant to 5 U.S.C. § 552(a)(4)(A) and set forth facts in support thereof. *See* Ex. 8.

34.    The Second DHS Request also sought a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and set forth facts in support thereof.  *See* Ex. 8.

35.    The Second DHS Request further sought expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E) and set forth facts in support thereof.  *See* Ex. 8.

7

36. On December 1, 2025, Plaintiff received an email acknowledging receipt of the Second DHS Request and assigning it tracking number 2026-HQFO-00368. In the email, DHS granted Plaintiff's request for expedited processing and conditionally granted the request for a fee waiver. A true and correct copy of the email is attached hereto as **Exhibit 9**.

37. As of the date of the filing of this Complaint, it has been approximately 182 calendar days and 120 business days since Plaintiff submitted the First DHS Request.

38. As of the date of the filing of this Complaint, it has been approximately 178 calendar days and 118 business days since Plaintiff submitted the Second DHS Request.

39. As of the date of the filing of this Complaint, Plaintiff has received no further communications from DHS regarding the First or Second DHS Request.

<u>**Causes of Action**</u>

**COUNT I**
**Violation of FOIA for Failure to Comply with Statutory Deadlines**

40. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of the Complaint.

41. Defendants are agencies subject to FOIA.

42. By submitting the Requests, Plaintiff properly requested records within the possession, custody or control of Defendants.

43. Defendants failed to make determinations with respect to the Requests within the timeframe required by FOIA. 5 U.S.C. § 552(a)(6)(A).

44. Defendants' failure to provide determinations with respect to the Requests within the statutory required timeframe is a violation of FOIA.

45. Plaintiff has or is deemed to have exhausted applicable administrative remedies with respect to the Requests.  5 U.S.C. § 552(a)(6)(A)(ii); *id.* § 552(a)(6)(C)(i).

**COUNT II**
**Violation of FOIA for Wrongful Withholding of Agency Records**

46. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of the Complaint.

47. Defendants are agencies subject to FOIA.

48. By submitting the Requests, Plaintiff properly requested records within the possession, custody or control of Defendants.

49. The Requests complied with all applicable regulations regarding the submission of FOIA requests.

50. Defendants have not released any records or portions thereof in response to the Requests.

51. Defendants have not cited any exemptions to withhold records or portions thereof that are responsive to the Requests.

52. Defendants have not identified whether or how release of the records sought by the Requests would foreseeably harm an interest protected by a FOIA exemption or why disclosure is prohibited by law.  5 U.S.C. § 552(a)(8).

53. Defendants have improperly withheld records responsive to the Requests in violation of FOIA.  5 U.S.C. § 552(a)(3)(A).

**<u>Requested Relief</u>**

WHEREFORE, Plaintiff respectfully requests that this Court:

(1)     Issue a declaration that Defendants' failure to provide a determination with respect to the Requests within the required statutory deadline is a violation of FOIA;

(2)     Order Defendants to complete their search for records responsive to the Requests, and to issue determinations with respect to the Requests;

(3)     Order Defendants to release all non-exempt records or portions thereof responsive to the Requests;

(4)     Issue a declaration that Plaintiff is entitled to disclosure of the records responsive to the Requests;

(5)     Enjoin Defendants from continuing to withhold any and all non-exempt records or portions thereof responsive to the Requests;

(6)     Award Plaintiff reasonable attorney fees and costs incurred in this action under 5 U.S.C. § 552(a)(4)(E); and

(7)     Grant such other relief as the Court may deem just and proper.

Dated:  May 1, 2026

Respectfully submitted,

*/s/ Adam A. Marshall*
Adam A. Marshall
D.C. Bar No. 1029423
Email: amarshall@rcfp.org
REPORTERS COMMITTEE FOR FREEDOM
THE PRESS
1156 15th Street NW, Suite 1020
Washington, DC 20005
Phone: 202.795.9308
Facsimile: 202.795.9310

*Counsel for Plaintiff*

11